IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIE REMBERT,

    Petitioner,

vs.                                        Case No. 3:07cv426-LAC/WCS

WALTER A. McNEIL,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

This cause was recently transferred to the undersigned for all further proceedings. Doc. 24. Pending is Respondent's motion to dismiss Petitioner's 28 U.S.C. § 2254 petition as untimely. Doc. 12. Petitioner was directed to respond to the motion, doc. 21, but no response has been filed.

The initial § 2254 petition was filed in this court on October 1, 2007 (the date of mailing). Doc. 1. The amended petition and memorandum are docs. 12 and 18. Petitioner challenges the conviction and sentence imposed by the First Judicial Circuit in Escambia County in case 00-4547-CFA. He was convicted by a jury of aggravated battery with great bodily harm (count one), and entered a nolo contendere plea to

possession of a firearm by a convicted felon (count two).  Ex. A.[1]  He was sentenced to 25 years and 10 years on the two counts, to be served concurrently.  *Id.*  The judgment was affirmed on July 15, 2002.  Ex. C.

There is a one year time limit for filing a § 2254 petition.  The one year runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," absent circumstances triggering a later commencement date.  § 2244(d)(1)(A)-(D).[2]  The period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  § 2244(d)(2).

As Petitioner did not seek rehearing or file a petition for writ of certiorari, his conviction became final on October 14, 2002, when the 90 days for seeking certiorari expired.  Doc. 20, p. 2; Clay v. United States, 537 U.S. 522, 525-527, 123 S.Ct. 1072, 1075-76, 155 L.Ed.2d 88 (2003) (conviction is final when the time for seeking certiorari expires; under S.Ct. Rule 13(3) the 90 days for filing runs from the date of the order and not the mandate) (citations omitted).

Petitioner filed a Fla.R.Crim.P. 3.850 motion on November 13, 2002 (the date of mailing).  Ex. D.  This tolled the period until the mandate issued on appeal from denial

---

[1] All references to exhibits are to those submitted in support of the motion to dismiss, doc. 20.  The exhibits appear in the electronic docket as doc. 20-2.

[2] The limitations period runs from the latest of specified dates, which also include (in addition to that quoted above): the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was initially recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered by due diligence.  § 2244(d)(1)(A)-(D).  None of these later dates is implicated by the petition or record in this case.

of the motion. Doc. 20, p. 2; *see also* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (3.850 motion remained pending for tolling purposes until the mandate was issued). The mandate issued on June 17, 2003. Ex. F.

Petitioner still had most of the one year period remaining (eleven months) to file a § 2254 petition, but he did not file anything until over a year later, when he filed a state petition for writ of habeas corpus on September 9, 2004. Ex. G. By the time this document (or any subsequent state court document[3]) was filed, there was no time remaining to toll. *See* Tinker v. Moore, 255 F.3d 1331, 1333-35 and n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) (involving a Florida prisoner who filed a motion within the two years allowed by Rule 3.850 but after the one year of § 2244(d) had already expired; "remind[ing] petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."). The initial § 2254 petition filed on October 1, 2007 (doc. 1) was untimely under § 2244(d)(1).

It is therefore respectfully **RECOMMENDED** that the motion to dismiss (doc. 20) be **GRANTED**, and the § 2254 petition challenging the judgment of the First Judicial Circuit, Escambia County, case 00-4547-CFA, be **DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on October 23, 2008.

   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Respondent does not provide information regarding any subsequent filings, such as orders or and appellate documents (if any) following the petition of September 9, 2004. But such filings after the one year expired are unnecessary to the court's timeliness inquiry.

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**